**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 10-20506-CIV-SEITZ/SIMONTON**

**CONSENT CASE**

EDEL LEON, ANDRES GUZMAN, JAVIER )
GONZALEZ, VICTOR ANTONIO )
GUTIERREZ, MARCELINO MATEO )
MARCOS )
                                 )
           Plaintiffs, )
      vs. )
                                   )
M.I. QUALITY LAWN MAINTENANCE, INC. )
MITCHELL'S LAWN MAINTENANCE CORP. )
and MITCHELL IGELKO )
                                   )
      Defendants )
                                   )

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 10-20698-CIV-SEITZ/SIMONTON**
**CONSENT CASE**

KELLY PHILLIPS, LUISA GINSBERG, )
CRISTINA PARET, YAHILIN CHIRINO, and )
all other similarly situated under 29 USC 216(B), )
                                   )
           Plaintiffs, )
      vs. )
                                   )
M.I. QUALITY LAWN MAINTENANCE, INC. )
MITCHELL'S LAWN MAINTENANCE CORP. )
and MITCHELL IGELKO )
                                   )
      Defendants )

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No.: 10-20975-CIV-SEITZ/SIMONTON**
**CONSENT CASE**

 LUIS SOLORZANO and all other similarly )
situated under 29 USC 216(B), )
                                   )
          Plaintiff, )
      vs. )

**1** of **35**

|  |  |
|---|---|
| M.I. QUALITY LAWN MAINTENANCE , INC. MITCHELL'S LAWN MAINTENANCE CORP., and MITCHELL IGELKO<br><br>          Defendants | ) ) ) ) ) ) ) ) |

## PLAINTIFFS' JURY INSTRUCTIONS

### INSTRUCTION NO. 1
### COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions - what we call your deliberations.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 2
## CONSIDERATION OF THE EVIDENCE DUTY TO FOLLOW INSTRUCTIONS
### (Corporate Party Involved)

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law

makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 2.2.

> GIVEN:
> GIVEN AS MODIFIED:
> WITHDRAWN:
> REFUSED:

## INSTRUCTION NO. 3
## CREDIBILITY OF WITNESSES

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?   Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?   Did the witness' testimony differ from other testimony or other evidence?

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 3.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 4**
**IMPEACHMENT OF WITNESSES**
**(Inconsistent Statement)**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 4.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 5**
**BURDEN OF PROOF**
**PLAINTIFFS**

In this case it is the responsibility of the Plaintiffs to prove every essential part of the Plaintiff's claim by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the Plaintiff's claim by a preponderance of the evidence, you should find for the Defendant as to that claim.


11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 6.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### PLAINTIFFS PROPOSED INSTRUCTION NO. 6
### FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

This case arises under the Fair Labor Standards Act, the federal law that, among other things, provides for the payment of time-and-a-half overtime pay and minimum wages.  Plaintiffs, Edel Leon, Kelly Phillips, Luisa Ginsburg and Luis Solorzano claims that the Defendants did not pay them overtime pay required by law.

The Plaintiffs, in order to prevail, must prove by a preponderance of the evidence three things:

*First*: That the Plaintiffs were employed by the Defendants during the time period involved;

*Second*: That the Defendants' business or business under unified operation or common control employed at least two persons and was engaged in commerce or the production of goods for commerce and had an annual gross sales of at least $500,000; and

*Third*: That the Defendants failed to pay the Plaintiffs the overtime and minimum wage pay required by law.

The Parties agree to the First and Second prongs, and therefore you shall find that the First and Second prongs are already established regarding the employment of Plaintiffs.  The Act requires an employer to pay its employee at a rate of at least one and one-half times their regular rate for the time worked in one week over 40 hours.  This is commonly known as times-and-a-half pay for "overtime" work.

The employee's "regular rate" during a particular week is the basis for calculating any overtime pay due him for that week. The "regular rate" for a week is determined by dividing the first 40 hours worked into the total wages paid for those 40 hours. The overtime rate then would be one and one-half of that rate and would be owing for each hour in excess of 40 hours worked during the work week.

Regarding the wage claims in this matter, Plaintiffs, Edel Leon, Kelly Phillips, Luisa Ginsburg and Luis Solorzano claim they worked in excess of forty (40) hours weekly for Defendants and were paid in violation of the Fair Labor Standards Act, as they were allegedly not paid the required Overtime wages.

If upon consideration of all the evidence you find that the Plaintiffs have failed to prove their claims, your verdict should be for the Defendants.

If, however, you find that the Plaintiffs have proved their claims then you must turn to the question of damages that Plaintiffs are entitled to recover.

Regarding the overtime claims, the measure of damages is the difference between what the employee should have been paid under the Act and the amount that you find (s)he actually was paid.

The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on August 17, 2009 unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer

knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA, the Plaintiffs are entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.7.1. (MODIFIED).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

# INSTRUCTION NO. 7
## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.  "Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out his burden if he proves that he has in fact performed work for which he has been improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.  The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence.   If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

> GIVEN:
> GIVEN AS MODIFIED:
> WITHDRAWN:
> REFUSED:

# INSTRUCTION NO. 8
## FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period.  Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

29 C.F.R. 516.2 (Modified).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 9
### Calculation of Hourly Pay

"If the employee is employed solely on a weekly salary basis, his regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours which the salary is intended to compensate. [For example] [i]f an employee is hired at a salary of $182.70 and if it is understood that this salary is compensation for a regular workweek of 35 hours, the employee's regular rate of pay is $182.70 divided by 35 hours, or $5.22 an hour, and when he works overtime he is entitled to receive $5.22 for each of the first 40 hours and $7.83 (one and one-half times $5.22) for each hour thereafter. If an employee is hired at a salary of $ 220.80 for a 40-hour week his regular rate is $5.52 an hour."

*Quoting*, Rodriguez et al. v. Farm Stores Grocery, Inc., 21 Fla.L.Weekly.C 353. 2008 U.S. App. LEXIS 1796, *22 (11th Cir. 2008).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## INSTRUCTION NO. 10
## RIGHTS TO OVERTIME NON-WAIVABLE

An individual employee's rights for overtime compensation under the Fair

Labor Standards Act cannot be abridged by contract or otherwise waived by the

employee.

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981)

*Baker et.al. v. Barnard Construction Co*. et.al., 146 F.3d 1214 (10th Cir. 1998)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 11
## INSTRUCTION ON RELEASE OF CLAIMS

Because and an individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee, even if the Plaintiff signed a general release of claims prior to ending his employment with Defendants, such general release cannot be used by Defendants as a reason for not paying Plaintiff overtime.  Even if Plaintiff did sign such a release, such is not a justification for not paying overtime wages to Plaintiff.

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981); *Baker et.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998); *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178 (11th Cir. 1982); *Schwartz v. Florida Board of Regents, et al.*, 807 F.2d 901 (11th Cir. 1987).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 12
## RECORD KEEPING REQUIREMENTS OF THE EMPLOYER

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by

indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) Records of retroactive payment of wages. Every employer who makes retroactive payment of wages or compensation under the supervision of the

Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

29 CFR 516.2 (A) AND (B) MODIFIED AS TO (A)(4)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

## PLAINTIFFS PROPOSED INSTRUCTION NO. 13

## EMPLOYEE STANDBY OR WAITING TIME

"Stand-by" time or "waiting" time is compensable under the F.L.S.A. if it is in furtherance of the employer's business objectives.  "Whether time is spent predominantly for the employer's benefit or for the employee's is a question dependent upon all the circumstances of the case."

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 14

## "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 15

## EMPLOYEE PERMITTED TO WORK

Permitting an employee to engage in an activity is considered "work" under

the FLSA.

29 U.S.C. 203 (e)(1)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 16

## "COMPENSABLE TIME" INCLUSIVE

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

*Armour & Co. v. Wantock*, 323 U.S. 126 (1944) and *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 17

## INDIRECT EMPLOYER DEFINED

Any person who acts indirectly in the interest of [Plaintiff's] employer(s) in relation to the Plaintiff for the relevant time period by paying Plaintiff's wages and/or directing Plaintiff's work is considered to be an employer under the Fair Labor Standards Act.

29 U.S.C. 203 (d)

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### INSTRUCTION NO. 18
### SEVERAL EMPLOYERS

Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act.

*Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 19
## JOINT EMPLOYERS

In some instances, an employee may have joint employers, that is, more than one employer at the same time.

So, a preliminary issue for your decision in this instance is the question whether the Plaintiff was an "employee" of the Defendant Mitchell's Lawn Maintenance Corp as well as, perhaps, an employee of M.I. Quality Lawn Maintenance, Inc.

You should resolve this question in light of the economic realities of the entire relationship between the parties, and should consider each of the following factors to the extent you find that a particular factor is applicable to the case:

(1)  the nature and degree of control of the employee, and who exercises that control;

(2)  the degree of supervision, direct or indirect of the employee's work, and who exercises that supervision;

(3)  who exercises the power to determine the employee's pay rate or method of payment;

(4)  who has the right, directly or indirectly, to hire, fire, or modify the employment conditions of the employee;

(5)  who is responsible for the preparation of the payroll and the payment of wages;

(6)  who made the investment in equipment and facilities used by the employee;

(7)     who has the opportunity for profit and loss;

(8)     the permanency and exclusivity of the employment;

(9)     the degree of skill required to do the job;

(10)    the ownership of the property or facilities where the employee works; and

(11)    the performance of a specialty job within the production line integral to the business.

Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.10.4.2  (MODIFIED).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 20
## RETALIATORY DISCRIMINATION SUBSTANTIVE INSTRUCTION

Plaintiffs Edel Leon and Javier Gonzalez allege that the Defendants retaliated, that is, took revenge against the Plaintiffs, by terminating Plaintiffs' employment with Defendants, because Plaintiffs filed a Complaint for wages under or related to the Fair Labor Standards Act.  Under 29 U.S.C. Section 215(a)(3) of the FLSA, it is illegal "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]…." To establish a claim for unlawful retaliation under this Act, Plaintiff must prove the following elements by a preponderance of the evidence:

( 1) that the Plaintiffs requested his overtime wages from the Defendant under the Fair Labor Standards Act in good faith;

(2) that the Plaintiff was retaliated against;

(3) that Plaintiff's retaliation was causally related to the Plaintiffs statutorily protected activities;

and

(4) that the Plaintiff suffered damages as a proximate result of the discrimination.

For Plaintiff s to be retaliated against and for it to be "causally related" to a statutorily protected activity it must be shown that, "but for" the protected activity, the Plaintiff would not have been retaliated against. Or, stated another way, it must

be shown that the protected activity by the Plaintiff was a substantial, motivating cause that made a difference in the Defendants' decision.

You should be mindful that the law in this case requires only that an employer not retaliate against an employee because the employee sought legal assistance, protested or opposed, or made a claim verbal or written against the employer under or related to the Act.

Model Jury Instructions -Employment Litigation, Section 1.03[2][b ], ABA, Section of Litigation, 1994; McLaughlin, Sec. Of Labor v. RicWand Shoe Co., 486 U.S. 128 (1988); Reich v. Dept. of Conservation and Nat. Res., 28 F.3d 1076 (llth Cir. 1994); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second), § 500 (1965).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 21
## SEVERAL REASONS FOR DISCRIMINATION

There may be several reasons for a discrimination arising from employment. If, however, the immediate cause or motivating factor for the employer's discrimination against an employee was the filing or asserting of a wage complaint, the discrimination is unlawful under the Fair Labor Standards Act.

*Goldberg v. Bama Mfg. Corp*., 302 F.2d 152 ( 5th Cir. 1962).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 22
## CAUSAL CONNECTION

"A causal connection may be demonstrated by evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action."

*Burrus v. United Telephone Co. of Kansas, Inc.,* 683 F.2d 339, 343 (10th Cir. 1982).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## INSTRUCTION NO. 23
## DAMAGES FOR RETALIATION

Plaintiff Edel Leon and Javier Gonzalez have alleged that, as a result of Defendants' alleged retaliation based on the Plaintiffs asserting their right to obtain his FLSA mandated Overtime wages, he has suffered mental and emotional pain and suffering. These are called compensatory damages. The Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. If the Plaintiff does not establish that he experienced emotional pain and suffering because of the violations of his rights under the Act, then he cannot recover compensatory damages.

If you determine the Plaintiff has proven by a preponderance of the evidence that he experienced emotional pain and suffering, you may award damages for those injuries. A plaintiff's testimony regarding emotional distress must establish that he actually suffered demonstrable emotional distress, which must be sufficiently articulated- neither conclusory statements that the plaintiff suffered emotional distress nor the mere fact that a violation occurred supports an award of compensatory damages. No evidence of the monetary value of such intangible issues such as pain or suffering has been, or needs to be, introduced into evidence. No exact standard exists for fixing the compensation to be awarded for the elements of these damages. The damages that you award must be fair compensation -no more and no less.

When considering the amount of monetary damages to which the Plaintiff may be entitled, you should consider the nature, character, and seriousness of any emotional pain and suffering he allegedly experienced. You must also consider its extent or duration, as any award you make must cover the damages endured by the Plaintiff since the wrongdoing to the present time, and even into the future if you find as fact that the proofs presented justify the conclusion that the emotional pain and suffering and its consequences which have continued to the present time or can reasonably be expected to continue in the future.

Authority (modified): American Bar Association, Model Jury Instructions, Employment Litigation, Sections 1.07[3]; Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions, §§ 104.06,1-4.6, 104A.ll (1987 and Supp. 1991) (modified); Pattern Federal Claims Instructions, No. 1.2, U.S. Eleventh Circuit (1990); Snapp v. Unlimited Concepts, ~, 208 F .3d 928 (11 th Cir .2000), Vance v. Southern Bell Telephone and Tele~aph ~, 863 F.2d 1503 (1lth Cir. 1989); Stallworth v. Shuler,777 F.2d 1431 (1lth Cir. 1985); Carey v. Piphus, 435 U.S. 24755 L.Ed. 2d. 252 (1978); Price v. City of Charlotte, 71 FEP Cases 1289,1298 (4th Cir. 1996); Patterson v. PHP Healthcare, 72 FEP 613(5th Cir. 1996); McLaughlin v. Richland Shoe Co.. 486 U.S. 128 (1988); Equal Pay Act Instructions and Comments, Section 2.05; Restatement (Second) of ~, § 500 (1965).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
*REFUSED:*

## INSTRUCTION NO. 24
## ECONOMIC DAMAGES FOR RETALIATION

If you determine that the Defendants would not have retaliated against Plaintiff but for Plaintiff's claim for minimum and/or overtime wages under the Fair Labor Standards Act, then you must determine the amount of damages that the Defendants have caused the Plaintiff.

You may award as actual damages an amount that reasonably compensates the Plaintiff for any lost wages and benefits, taking into consideration any increases in salary and benefits, including pension, that the Plaintiff would have received had he not been retaliated against.

Basically, you have the ability to make the Plaintiff whole for any wages or other benefits that he lost as a result of his retaliatory termination.

Authority: Model Jury Instructions -Employment Litigation, Section 1.03[2][b], AHA, Section of Litigation, 1994; Lorillard v. Pons, 434 U.S. 575 (1978); Faris v. Lynchburg Foundry, 769 F.2d 958 (4th Cir. 1985); Blim v. Western Elec. Co., 731 F.2d 1473 (10th Cir. 1984).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

### INSTRUCTION NO. 25
### DUTY TO DELIBERATE
### WHEN PLAINTIFFS CLAIM DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**INSTRUCTION NO. 26**
**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED: