UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20506-CIV-SEITZ/SIMONTON
CASE NO. 10-20698-CIV-SEITZ/SIMONTON
CASE NO. 10-20975-CIV-SEITZ/SIMONTON

**Consent Cases**

EDEL LEON,
JAVIER GONZALEZ,
KELLY PHILLIPS,
LUISA GINSBERG, and
LUIS SOLORZANO,

    Plaintiffs,

v.

M.I. QUALITY LAWN MAINTENANCE, INC.,
MITCHELL'S LAWN MAINTENANCE CORP., and
ADRIANA IGELKO, as guardian for
MITCHELL IGELKO,

    Defendants.
_____/

## VERDICT FORM AS TO PLAINTIFF EDEL LEON

1. Do you find that Plaintiff Edel Leon has proven by a preponderance of the evidence that Defendant M.I. Quality Lawn Maintenance, Inc. and/or Mitchell's Lawn Maintenance, Corp. failed to pay Edel Leon overtime pay for hours worked in excess of 40 hours in any workweek?

    Answer:    Yes_____    No___X___

If you answered "Yes" to Question No. 1, please continue to Question No. 2. If you answered "No" to Question No. 1, skip to Question No. 4.

2. Do you find that Plaintiff Edel Leon has proven by a preponderance of the evidence that Defendants either knew or showed reckless disregard for the matter of whether their conduct was prohibited by the Fair Labor Standards Act as to work Edel Leon performed for M.I. Quality Lawn Maintenance, Inc. and/or Mitchell's Lawn

Maintenance, Corp.?

Answer: Yes ~~X~~ /JJ/ No _____

3. What is the total amount owed to Plaintiff Edel Leon for overtime hours worked? (If your answer to Question No. 2 is "Yes," you should calculate the back wages owed starting from August 17, 2006, i.e., three years from the date Edel Leon filed his claim. If your answer to Question No. 2 is "No," you should calculate the back wages owed starting from August 17, 2007, i.e., two years from the date Edel Leon filed his claim.)

~~$22,900.00~~ /JJ/
~~$17,940.00~~ owed /Ø/ /JJ/

4. Do you find by a preponderance of the evidence that Plaintiff Edel Leon has proven:

(a) That he engaged in a statutorily protected activity under the FLSA?

Answer: Yes __X__ No _____

If you answered "No" to this question, skip the remainder of the questions, and sign and date the Verdict Form. If you answered "Yes," continue to (b).

(b) That he was discharged from his employment?

Answer: Yes __X__ No _____

If you answered "No" to this question, skip the remainder of the questions, and sign and date the Verdict Form. If you answered "Yes," continue to (c).

(c) That, but for asserting his FLSA claim, he would not have been discharged, in other words, that the protected activity was a substantial, motivating cause that made a difference in the Defendants' decision?

Answer: Yes __X__ No _____

If you answered "No" to this question, skip the remainder of the questions, and sign and date the Verdict Form. If you answered "Yes," continue to Question No. 5.

5. Do you find by a preponderance of the evidence:

   (a) That Edel Leon has proven damages in the form of a net loss of wages and benefits to the date of trial?

   Answer: Yes __X__   No____

   If you answered "Yes" to this question, in what amount of damages? $ 22,900.00

   (b) That Edel Leon has proven damages in the form of emotional pain and mental anguish?

   Answer: Yes __X__   No____

   If you answered "Yes" to this question, in what amount of damages? $ 25,000.00

6. Do you find that Plaintiff Edel Leon has proven by a preponderance of the evidence that he was jointly employed by M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp.?

   Answer: Yes __X__   No____

**SO SAY WE ALL.**

Dated: 7/17/12

_____
Foreperson's Signature