UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20506-CIV-SEITZ/SIMONTON

CONSENT CASE

EDEL LEON, ANDRES GUZMAN, JAVIER )
GONZALEZ, VICTOR ANTONIO )
GUTIERREZ, MARCELINO MATEO )
MARCOS )
 )
 )
      Plaintiffs, )
  vs. )
 )
 )
M.I. QUALITY LAWN MAINTENANCE, INC. )
MITCHELL'S LAWN MAINTENANCE CORP. )
and MITCHELL IGELKO )
 )
      Defendants )
_____)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20698-CIV-SEITZ/SIMONTON
CONSENT CASE

KELLY PHILLIPS, LUISA GINSBERG, )
CRISTINA PARET, YAHILIN CHIRINO, and )
all other similarly situated under 29 USC 216(B), )
 )
 )
      Plaintiffs, )
  vs. )
 )
M.I. QUALITY LAWN MAINTENANCE, INC. )
MITCHELL'S LAWN MAINTENANCE CORP. )
and MITCHELL IGELKO )
 )
      Defendants )
_____)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 10-20975-CIV-SEITZ/SIMONTON
CONSENT CASE

 LUIS SOLORZANO and all other similarly )
situated under 29 USC 216(B), )
 )
      Plaintiff, )
  vs. )
_____

| | |
|---|---|
| M.I. QUALITY LAWN MAINTENANCE, INC. MITCHELL'S LAWN MAINTENANCE CORP., and MITCHELL IGELKO  Defendants | ) ) ) ) ) ) ) ) ) |

**PLAINTIFFS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Come Now Plaintiffs, by and through undersigned counsel, and hereby file Plaintiffs' Renewed Motion for Judgment as Matter of Law pursuant to Fed.R.Civ.P. 50(b) and in support thereof state as follows:

1. At the close of Defendants case, Plaintiffs' counsel on behalf of all Plaintiffs, moved for a directed verdict on the issue of whether Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp. were Plaintiffs joint employers.

2. The Court denied said motion, but intimated that there was a good possibility that said motion would be granted on a renewed motion post verdict.

3. The jury returned a verdict finding that Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp. were joint employers of Plaintiff Edel Leon. However, the jury did not find that Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp. jointly employed Javier Gonzalez and Luis Solorzano.

4. The following facts establish that Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp. were Plaintiffs joint employers:

1) Mitchell Igelko is the sole owner of Defendants M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp.[1]

2) Both corporations are located out of the same facility.

3) Mitchell Igelko solicits contracts and business through M.I. Quality Lawn Maintenance, Inc., and employees employed through Mitchell's Lawn Maintenance Corp. are the ones that perform all the work.

4) Mitchell Igelko determined how much each employee of both M.I. Quality Lawn Maintenance, Inc. and Mitchell's Lawn Maintenance Corp would earn.

5) The payroll is done through the employees employed through M.I. Quality Lawn Maintenance, Inc.

---

[1] Several of these factors were already established on Summary Judgment in finding that Mitchell Igelko was Plaintiffs employer and therefore jointly and severally liable along with the Defendant Corporations. Said testimony was corroborated at trial. Mitchell Igelko is the president of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. [Igelko Depo. P. 29]. Mitchell Igelko is the sole and exclusive owner of both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. for at least the last five years. [Igelko Depo. P. 29-30]. As the owner and president of both companies, Mitchel Igelko described his duties as "I am the owner. I basically get contracts. I put out fires out there when there is problems with the customers, like PR work, and try to smooth out things, problems. I do everything that it takes to basically run the company." [Igelko Depo. P. 30]. Mitchell Igelko runs the day-to-day operations of both companies through his supervisors and controller. [Igelko Depo. P. 31]. Over the past four years Mitchell Igelko has met with his supervisors and controller on a daily basis. [Igelko Depo. P. 31]. Over the past five years Mitchell Igelko has gone to the office of where said businesses are located on average 5-6 days a week. After going to the office each morning, Mr. Igelko then proceeds to go to the field to check on the work that his men are performing. [Igelko Depo. P. 33-34]. Over the past four years, Mr. Igelko goes out to the field on a daily basis to insure that the work is being done correctly on behalf of both Defendant Corporations. [Igelko Depo. P. 56]. Over the last four years, Mr. Igelko was the one to sign all employee paychecks for both Mitchell's Lawn Maintenance Corp and M.I. Quality Lawn Maintenance, Inc. [Igelko Depo. P. 64]. When Jose Ernesto Mendoza would appear for work he would be given a list of the properties on which work would be performed that day by Mitchell Igelko. Mr. Igelko would be the one to determine which employees went out to which site. [Mendoza depo. 11-13].

6) Jose Ernesto Mendoza was employed and paid through M.I. Quality Lawn Maintenance, Inc.

7) Jose Ernesto Mendoza supervised the workers of Mitchell's Lawn Maintenance Inc., including Javier Gonzalez and Luis Solorzano.

8) In addition to Jose Ernesto Mendoza, Mitchell Igelko regularly supervised the work of Luis Solorzano and Javier Gonzalez.

9) Funds would often be transferred from the bank account of Mitchell's Lawn Maintenance Inc. into the bank account belonging to M.I. Quality Lawn Maintenance, Inc. in order for M.I. Quality Lawn Maintenance, Inc. to make payroll and pay other expenses.

10) Only employees of M.I. Quality Lawn Maintenance, Inc. received insurance benefits.

11) Mitchell Igelko received insurance benefits through M.I. Quality Lawn Maintenance, Inc.

5. Based on said facts, it is clear that employee's of M.I. Quality lawn Maintenance, Inc. controlled the means and manner of the work performed by Javier Gonzalez and Luis Solorzano as Plaintiffs work was supervised by employees of M.I. Quality Lawn Maintenance, Inc.

## MEMORANDUM OF LAW

Rule 50(b)

A renewed motion for judgment as a matter of law under F.R.Civ.P 50(b) should be granted when "without weighing the credibility of witnesses, facts and inferences point so strongly and overwhelmingly in favor of one party that a reasonable jury could not arrive at a contrary verdict

. . . ." *Johns v. Jarrard*, 927 F.2d 551, 557 (11th Cir. 1991). The court must resolve all factual disputes and draw all logical inferences in favor of the nonmoving party. *Rankin v.* Evans, 133 F.3d 1425, 1435 (11th Cir. 1998).  If substantial conflicting evidence exists in record, so that reasonable people could differ, a motion for judgment as a matter of law is improper. *Johns*, 927 F.2d at 557.

An employee, as defined by 29 U.S.C. § 203(e)(1), is any individual employed by an employer. An employer includes any person acting directly or indirectly in the interest of an employer in relation to the employee. 29 U.S.C. § 203(d).  Section 203(d) specifically permits joint employment relationships to be recognized for purposes of FLSA lawsuits. Several employers may be liable for an employee's overtime wages under the Fair Labor Standards Act. *See*, *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962 (6th Cir. 1991). See also 29 CFR 791.2(b) "Where the employee performs work which simultaneously benefits two or more employers, or works for two or more employers at different times during the workweek, a joint employment relationship generally will be considered to exist in situations such as: …..(2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee or (3) Where the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer."

The Eleventh Circuit has set out a list of factors to be considered in determining joint employment, including: (l) the nature and degree of control over the employees by each alleged employer; (2) the degree of supervision over the employees by each employer; (3) each employer's right to hire, fire, or modify the terms of employment; (4) each employer's right to

determine the employees' pay rates or methods of payment; (5) who prepares payroll; (6) who owns the facilities where the work occurred; and (7) who owns the equipment. *Antenor v. D & S Farms,* 88 F. 3d 925,932 (11th Cir. 1996).

Pursuant to 29 C.F.R. 791.2(b)(3) an employer "may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." As noted above, the supervisors such as Jose Ernesto Mendoza and Mitchell Igelko, supervised the work of Javier Gonzalez and Luis Solorzano and said supervisors were employed by M.I. Quality Lawn Maintenance Inc. Therefore, the first two elements established by the Eleventh Circuit in *Antenor* are met. Furthermore, there is no dispute that Mitchell Igelko hired each Plaintiff and ultimately fired Javier Gonzalez, per the verdict rendered by the jury. There is no dispute, that Mitchell Igelko, an employee of M.I. Quality Lawn Maintenance, Inc. controlled the employees' pay rates or methods of payment such as determining how much each employee would earn and whether they would be paid by check or by cash. Furthermore, there is no dispute that the payroll was prepared by Mitchell Igelko and the office staff, all of whom were employees of M.I. Quality Lawn Maintenance Inc.

However, the Court in its instruction the jury was correct in stating; "Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative. Nevertheless, the extent of the right to control the means and manner of the worker's performance is the most important factor." [Joint Employment Instruction P. 17].

The evidence adduced at trial clearly established that M.I. Quality Lawn Maintenance, Inc. along with Mitchell's Lawn Maintenance Corp., were joint employers of Plaintiffs Javier Gonzalez and Luis Solorzano as both M.I. Quality Lawn Maintenance, Inc. along with Mitchell's

Lawn Maintenance Corp. controlled the means and manner of the Plaintiffs performance by directly supervising the work of Plaintiffs through M.I. Quality Lawn Maintenance, Inc. and their employees. Pursuant to 29 C.F.R. 791.2(b)(3) an employer "may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." There is no doubt that M.I. Quality Lawn Maintenance, Inc. directly controlled Plaintiffs Javier Gonzalez and Luis Solorzano and at the very least indirectly controlled the work of Plaintiffs. Therefore, even when viewing the facts and all logical inferences in favor of the nonmoving party, the evidence is clear, M.I. Quality Lawn Maintenance, Inc. and with Mitchell's Lawn Maintenance Corp. jointly employed Javier Gonzalez and Luis Solorzano.

Wherefore, Plaintiffs respectfully request that the Court grant Plaintiffs' Renewed Motion for Directed Verdict and find Mitchell's Lawn Maintenance Corp. and M.I. Quality Lawn Maintenance, Inc. jointly employed Plaintiffs Javier Gonzalez and Luis Solorzano.

Respectfully submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H Zidell, Esq. ____
    J.H. Zidell, Esq.
    Florida Bar No.: 0010121

## CERTIFICATE OF SERVICE:

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Renewed Motion for Directed Verdict was served via CM/ECF to Daniel A. Espinosa, Esq. 4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137, Fax: (305) 717-7539, email: despinosa@ejtrial.com on this 1st day of August, 2012.

                                            J.H. Zidell, Esq.

                                            J.H. Zidell, P.A.
                                            Attorney For Plaintiffs
                                            300 71st Street, Suite 605
                                            Miami Beach, Florida 33141
                                            Tel: (305) 865-6766
                                            Fax: (305) 865-7167

                                            By:__/s/ J.H Zidell, Esq. ____
                                                 J.H. Zidell, Esq.
                                               Florida Bar No.: 0010121.