UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
<u>CONSENT CASES</u>

**LUIS SOLORZANO,**

    **Plaintiff,**

                                                          **CASE NO. 10-20975-CIV-SIMONTON**

**v.**

**M.I. QUALITY LAWN MAINTENANCE, INC.,** *et al.*,

    **Defendants.**

_____/

**EDEL LEON,** *et al.*,

    **Plaintiffs,**

                                                          **CASE NO. 10-20506-CIV-SIMONTON**

**v.**

**M.I. QUALITY LAWN MAINTENANCE, INC.,** *et al.*,

    **Defendants,**

_____/

<u>**ORDER ON PLAINTIFFS' MOTIONS FOR COSTS**</u>

       THIS CAUSE having come before the Court on Plaintiffs' Motions for Costs (DE ## 156, 243). The Court has also considered the Defendants' Response (DE ## 196, 299) and Plaintiffs' Reply (DE # 304). Having reviewed the parties' papers and the applicable law, the Court denies the motions.

       On February 21, 2013, this Court entered Judgment in favor of Plaintiff Luis Solorzano (DE # 153) and six days later, on February 28, 2013, this Court entered Judgment in favor of Plaintiffs Edel Leon and Javier Gonzalez (DE # 242). On March 29, 2013, Plaintiffs filed motions for costs in each of the above-referenced cases. The motions contained identical language regarding Plaintiffs' counsel's efforts to confer with defense counsel prior to filing the motions. The certificates included therein

provide as follows:

> The undersigned attempted to confer with Counsel for Defendants on March 29, 2013 via email and telephone. The email sent contained Plaintiff's draft motion and the telephone call resulted in Plaintiff's counsel leaving a voicemail message. As of the filing of this Motion, Plaintiff's counsel has been unable to obtain Defendants' position on this matter.

(*See, e.g.,* DE # 156 at 2). Neither motion was verified nor accompanied by a sworn affidavit. Both motions contained an itemization of costs with supporting documentation. Plaintiffs sought $18,368.86 in costs for Case No. 10-20506 and $755.50 in costs for Case No. 10-20975.

After numerous extensions of time, Defendants filed one response (DE # 299) in opposition to Plaintiffs' motions for costs and motions for attorney's fees. In that response, Defendants made a tactical decision to not respond substantively to Plaintiffs' request for costs and fees indicating that such a response would be filed if the Court "determines that the procedural deficiencies in Plaintiffs' [motions for costs] are not fatal[.]" (DE # 299 at 4 n.1). Defendants argued that the motion was procedurally deficient because: (1) Plaintiffs failed to comply with Local Rule 7.1(a)(3)'s pre-filing conferral requirement; and (2) Plaintiffs failed to verify their motions for costs. (*Id.* at 7). In reply, Plaintiffs maintained that they adequately attempted to confer before filing the motions and the Local Rules do not require a motion for cost to be verified. (DE # 304 at 2-3).

First, the Court must reject Defendants' argument that Plaintiffs failed to adequately confer before filing the motions for costs. While Plaintiffs' counsel's pre-filing conferral efforts were less than perfect, the Local Rules only require that "reasonable efforts" to confer take place pre-filing. The undersigned finds that counsel's efforts - one email, one telephone call and one voice mail - were not

unreasonable here.  That Defendants ultimately objected to the entirety of the relief requested by Plaintiffs is not irrelevant to the undersigned's conclusion.

Defendants' second argument, however, that Plaintiffs failed to verify the motions for costs, is well-taken.  Plaintiffs' suggestion, that the Local Rules only require attorney's fees motions and motions for non-taxable costs to be verified, is of no moment.[1]  While it is true the Local Rule does not specifically reference a verification requirement as it does for attorney's fees motions (compare Local Rule 7.3(c) with 7.3(a)(7)), the Local Rule requires the bill of costs to be submitted on form AO 133 or a substantially similar form.  S.D. Fla. L.R. 7.3(c).  That form requires the moving attorney to declare under penalty of perjury that the costs are correct and necessarily incurred in this action.[2]  Moreover, and regardless of what the Local Rules provide, the applicable statute expressly makes verification a prerequisite to the Court taxing costs.  That statute, 18 U.S.C. § 1924, titled "Verification of bill of costs," provides as follows:

> Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the

---

[1]Inexplicably, Plaintiffs concede that their motion for costs "are primarily filed for taxable costs" while also recognizing that motions for non-taxable costs must be verified. (DE # 304 at ¶2, sub "2")").  Thus, at a minimum, Plaintiffs knew that some aspect of their motions for costs required verification.  Why they made no such effort, either initially when they filed the motion or later, after Defendants raised the issue, remains unexplained on this record.  Moreover, a request for non-taxable costs must be served on Defendants at least twenty-one days before filing such a motion with the Court.  S.D. Fla. L.R. 7.3(a) and (b).  Plaintiffs have also acknowledged that they failed to comply with that requirement with respect to the motions for costs. (DE # 156 at 2; DE # 304 at ¶2, sub "3")").  The Court will treat Plaintiffs' concession on both of these points as an admission that they have failed to properly seek non-taxable costs in this matter.  Accordingly, Plaintiffs' amended motions for costs shall only seek costs properly taxable under 18 U.S.C. § 1920.

[2]Form AO 133 of the Administrative Office of the United States Courts can be found at: http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO133.pdf

3

services for which fees have been charged were actually and necessarily performed.

18 U.S.C. § 1924.  Thus, Plaintiffs' motions for costs, filed without an affidavit or verification, are defective.  The undersigned, however, declines Defendants' request to bar Plaintiffs from any recover of taxable costs and finds the better practice to allow Plaintiffs an opportunity to amend the requests for taxable costs.  This will also allow the Defendants an opportunity to file a meaningful, substantive and timely response to Plaintiffs' motions.  Accordingly, it is

**ORDERED** that Plaintiffs' Motions for Costs (DE ## 156, 243) are **DENIED**.  The motions are **DENIED WITHOUT PREJUDICE** as to Plaintiffs' requests for taxable costs pursuant to 18 U.S.C. § 1920.  Plaintiffs shall file their amended motions for costs on or before **January 3, 2013**.  Defendants shall respond within fourteen days from the date of service of the motion.  No piecemeal response is permitted.  The motions are **DENIED WITH PREJUDICE** as to any request for non-taxable costs.

**DONE AND ORDERED** in chambers in Miami, Florida, on December 16, 2013.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished via CM/ECF to:
All counsel of record