**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 10-20506-CIV-SIMONTON**

<u>**CONSENT CASE**</u>

**EDEL LEON, *et al.*,**

      **Plaintiffs,**

**v.**

**M.I. QUALITY LAWN MAINTENANCE, INC., *et al*.,**

      **Defendants.**

_____/

<u>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'**</u>
<u>**MOTION FOR RELIEF FROM FINAL JUDGMENT, STAYING**</u>
<u>**ENFORCEMENT OF EDEL LEON'S FINAL JUDGMENT, DENYING FEE AND CONTEMPT**</u>
<u>**MOTIONS AND GRANTING MOTION FOR EVIDENTIARY HEARING**</u>

      **This matter is before the Court on Defendants' Motion to For Relief From Final Judgment and for Sanctions (DE # 328) and a request for an evidentiary on that motion (DE # 337). By this motion Defendants seek to set aside Edel Leon's final judgment pursuant to Rule 60(b)(3). The Court has reviewed the motion, Plaintiff's Response (DE # 336) and the applicable law. For the reasons set forth below, the Court will grant in part and deny in part the motion. Specifically, the motion is only granted to the extent that the Court will stay the enforcement of Edel Leon's Judgment (DE # 242), and will deny the contempt (DE # 301) and attorneys' fees (DE # 250) motions until the Court conducts an evidentiary hearing and rules on Defendants' motion to set aside.[1]**

      **Following a jury trial on Plaintiffs' (Edel Leon and Javier Gonzalez) claims for**

---

**[1]The undersigned notes that Defendants have not challenged the Judgment obtained by Javier Gonzalez. The motions related to collection of the judgments in this case, and the proposed Orders, however, combine the two judgments. Plaintiff Gonzalez may pursue relief with respect to his Judgment only, at this time.**

retaliatory discharge pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

215(A)(3), the Court entered final judgment in favor of Leon for $70,800.00 and Gonzalez

for $71,360.00 (DE # 242).   Defendants now seek to set aside Leon's judgment pursuant

to Rule 60(b)(3) because Leon allegedly obtained that judgment by fraud and repeatedly

perjured himself during his trial.  (DE # 328, at 2-3).   Defendants further allege that

Leon's wife, Kelly Phillips, also Leon's main witness at trial, participated equally in the

fraud and perjured herself to help her husband secure a judgment against Defendants.

Defendants argue that Leon and Phillips committed perjury when they testified that Leon

was unemployed for three months following his termination by Defendant.  (*Id*. at 3).

Relying on the affidavit of Lance Cooper, Defendants contend that directly contrary to

Leon's trial testimony, Leon commenced new employment almost immediately upon his

termination by Defendants and received both overtime and health benefits at his new

job.  (*Id*. at 3).  Defendants argue that this perjured testimony was critical to the

judgment because the jury awarded Leon the exact amount in damages that Leon would

have made from Defendants during the three months he was unemployed.  (*Id*. at 17).[2]

As relief, Defendants seek an Order staying the enforcement of Leon's final judgment

pending the resolution of the instant motion, sanctions against Leon and Phillips and

ultimately an Order setting aside the final judgement.  (*Id*. at 20).

    In response, Plaintiff argues that Cooper has fabricated evidence against Leon

and call into question Cooper's motives for coming forward.  (DE # 336 at 4-5).  Plaintiff

depicts Cooper as a bitter bankrupt who holds a grudge against, and personal animosity

---

[2]Together with the amount of money Leon would have earned through the time of
trial with Defendants less the amount he earned working for Cooper.

toward, both Leon and his attorneys.  (*Id.* at 4-5).  Plaintiff argues that, at best, Defendants advance only a factual attack on Leon's judgment, which is not a proper basis to grant a Rule 60(b)(3) motion.  (*Id.* at 9).  Plaintiff also argues that fraud between parties and perjury does not constitute a "fraud on the court" requiring a court to set aside a judgment; rather, only the most egregious conduct, such as bribery of a judge or members of the jury constitutes "fraud on the court."  (*Id.* at 7-8, 10-12).  Plaintiff also maintains that Defendants' request for relief should be denied for their lack of diligence in pursuing the Cooper evidence since it could have been discovered before the trial of this matter.  (*Id.* at 8).

Although Plaintiff discusses three different standards for setting aside a judgment in his response brief, Defendants have only relied on Federal Rule of Civil Procedure 60(b)(3) in moving for relief.  Thus, Plaintiff's arguments that the Cooper evidence is not "new evidence" under Rule 60(b)(2) or that Defendants failed to demonstrate that Plaintiff perpetrated a "fraud on the court" under Rule 60(d) are of no moment.  Similarly, Plaintiff's argument that Defendants have only advanced a factual attack, which is unworthy of relief under Rule 60(b)(3), misses the mark.  It is true that Defendants have identified factual discrepancies between Leon/Phillips' testimony and Cooper's affidavit; and, it is also true that Rule 60(b)(3) is "aimed at judgments which were unfairly obtained, not at those which are factually incorrect."  The Defendants' motion, however, is premised on more than a factual discrepancy; Defendants posit that Leon and Phillips fabricated the entire case and repeatedly perjured themselves to obtain a favorable judgment.  Defendants assert, and this Court agrees, that the alleged misconduct and fraud described in the instant motion is exactly the type of deliberate behavior that falls within the purview of a Rule 60(b)(3) motion.  The case law is clear that a Rule 60(3)(b)

motion is proper where perjured evidence has been intentionally supplied.  *See, e.g.*, *Armstrong v. The Cadle Co.*, 239 F.R.D. 688, 691 (S.D. Fla. 2007) ("Misconduct may be established [under Rule 60(b)(3)] by proving that the opposing party willfully committed perjury.").[3]  Therefore, the Court finds that an evidentiary hearing is necessary to resolve Defendants' motion.  Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Motion For Relief From Final Judgment and for Sanctions (DE # 328) is **GRANTED IN PART**.  The motion is **GRANTED** to the extent that enforcement of Edel Leon's Final Judgment (DE # 242) is **STAYED** pending the resolution of this motion following an evidentiary hearing.  It is

**FURTHER ORDERED AND ADJUDGED** that Defendants' Motion for Hearing (DE # 337) is **GRANTED** and the parties shall meet and confer and jointly contact the undersigned's chambers to schedule an evidentiary hearing on Defendants' motion.  The evidentiary hearing will be held after the settlement conference to be conducted by Magistrate Judge John O'Sullivan.  It is

**FURTHER ORDERED AND ADJUDGED** that Plaintiffs' Expedited Motion for Contempt and for Sanctions (DE # 301) and Verified Motion for Attorney Fees (DE # 250) are **DENIED WITHOUT PREJUDICE** pending a resolution of Defendants' Motion for Relief from Judgment.  Plaintiff Leon may file renewed motions, if appropriate, following

---

[3]This case is distinguishable from the cases cited by Plaintiff which state that fraud between the parties, including perjury, cannot form the basis for relief.  These cases concern motions which were not based on Rule 60(b)(3) since more than one year had elapsed from the date of entry of the judgment at issue.  See *S.E.C. v. ESM Group, Inc.,* 835 F.2d 270, 273 (11th Cir. 1988), for the distinction between relief sought based on "fraud" between the parties pursuant to Rule 60(b)(3) and "fraud on the court" brought under the savings clause of Rule 60.

a ruling on Defendants' motion.[4]  It is

      **FURTHER ORDERED AND ADJUDGED** that Plaintiffs' Motion to Strike Expert

Witness Disclosure (DE # 306) and Plaintiffs' Motion to Strike Defendants' Supplemental

Memorandum of Law (DE # 305) are **DENIED AS MOOT**.

      **DONE AND ORDERED** in chambers in Miami, Florida, on March 18, 2014.

*Andrea M. Simonton*
_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished via CM/ECF to:
All counsel of record

---

[4]**Plaintiff Gonzalez may file a renewed motion if he elects to proceed apart from Plaintiff Leon.**