

## Fwd: SERVICE OF COURT DOCUMENTS - Edel Leon et al. v. M.I. Quality Lawn Maint...

**Daniel Espinosa** <despinosa@ejtrial.com>   Mon, Jun 9, 2014 at 5:02 PM
To: "ZAbogado@aol.com" <ZAbogado@aol.com>
Cc: "crlaborlaw@gmail.com" <crlaborlaw@gmail.com>, "rivkah.jaff@gmail.com" <rivkah.jaff@gmail.com>, "danielfeld.esq@gmail.com" <danielfeld.esq@gmail.com>, Rafael Viego <rviego@ejtrial.com>, Federico Dumenigo <fdumenigo@ejtrial.com>

Mr. Zidell, I've thought about it way too long. Have you thought about written deposition questions like I've suggested previously? I can think of very few questions you can possibly ask that I will not object to. And those questions will likely be irrelevant to the issues fraud. Rest assured, most questions you ask her will be objected to on the basis of privilege, and I will be required to protect my client by instructing Mrs. Rodriguez not to answer the question. Perhaps you can proffer and tell me what you intend to ask Mrs. Rodriguez. We may be able
to work it out and narrow this down. Otherwise, this deposition is really going to be a waste of time, and then I'm sure I'll be receiving another motion for sanctions from you. Here's why I believe the Depo will be an exercise in futility...Q. "Mrs. Rodriguez, why didn't you depose Lance Cooper"? OBJECTION, work product, do not answer the question. Q. "Mrs. Rodriguez, how did you discover that Edel was allegedly working at Perrine Rentals days after he was fired"? OBJECTION, work product, do not answer the question. Q. "Mrs. Rodriguez, did Mr. Igelko or anyone on his behalf ever provide you with evidence of Edel Leon working at Perrine Rentals just days after Edel was fired"? OBJECTION, attorney-client privilege, do not answer the question. Q. "Mrs. Rodriguez, did you ever intend to put on evidence in the form of video surveillance of Edel Leon working at
Perrine Rentals"? OBJECTION, work product, do not answer the question. Now, presumably you are going to ask her what she had in her file, whether she gave it to Mitchell, etc. Same objections, Mr. Zidell: Mrs. Rodriguez is going to be instructed not to answer any of those questions. Again, I believe you are misunderstanding the 60(b)(3) standard. Think about it practically. How can courts allow litigants to lie and get away with it because, as you believe, someone may have been able to do more to catch the lies? Mrs. Rodriguez handled the case the way she deemed fit. I then presented the case to the jury the way I thought was in the best interest of my client. Your client's snookered my clients, and although the jury saw right through most of the lies and awarded Kelly and Edel zero dollars for their overtime claims, the jury believed Edel and Kelly with regard to Edel's retaliation claim. In any event, I am still on vacation, but I'd be happy to speak with you about this issue over the phone. My client continues to spend a lot of money on attorneys' fees and costs due to the perjurious statements made by your clients and their attorneys' failure to comply with their Rule 11 obligations, which I am sure you are aware have been heightened due to all the evidence we have since provided you with. Because I am seeking sanctions, am I now allowed to depose you and Dan Feld to ask why you never asked Edel Leon to produce evidence of pay stubs etc. of when he started working at Perrine instead of merely taking him for his word? Or in the event that you did have the evidence (which I don't believe to be the case, but turned a blind eye, should I be allowed to make those inquiries? The more I think of this, the more I realize how Judge Simonton is likely to get upset at the fact that you are even considering taking Mrs. Rodriguez's deposition. Again, I request you consider less intrusive means to obtain discovery with regard to Mrs. Rodriguez and the allegations of fraud. Again, at the very least, I request you consider written deposition questions so we do not waste everyone's time. Mrs. Rodriguez has been out of this case for two (2) years. Dragging Mr. Igelko's predecessor counsel into this mess does nothing for your clients and only serves to annoy and harass Mrs. Rodriguez and further prejudice my client. In this vein, please allow this to serve as my second good-faith attempt to avoid Mrs. Rodriguez's deposition. If I'm missing something, please provide some direction. Otherwise, you will be leaving me with no other choice than to seek court intervention if I do not hear back from you upon my return from vacation. Feel free to call me at any time or email me. Thanks.

Best,

**PLAINTIFF'S EXHIBIT**
"A"

Danny - Sent from my iPhone (please excuse typographical errors)

**Daniel A. Espinosa, Esq.**
4300 Biscayne Boulevard, Suite 305, Miami, Florida 33137
Direct 305.717.7532 | despinosa@ejtrial.com www.ejtrial.com

**CONFIDENTIALITY NOTICE**: This e-mail message, and any attachment to this e-mail message, contains confidential information that may be legally privileged. If you are not the intended recipient, you must not review, disclose, copy, distribute, or take any action in reliance on the contents of the information contained in this e-mail message, and any attachment to this e-mail message. If you have received this e-mail message in error, please notify me immediately by return e-mail or by telephone at (305) 717-7530and delete this message. Please note that if this e-mail message contains a forwarded message or is a reply to a prior message, some or all of the contents of this message, or any attachments, may not have been produced by the sender.

Any U.S. tax advice contained in the body of this e-mail was not intended or written to be used, and cannot be used, by the recipient for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code or applicable state or local tax law provisions.

Please consider the environment before printing this e-mail.
[Quoted text hidden]