Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

92 F.3d 425
United States Court of Appeals,
Sixth Circuit.

James M. ABRAHAMSEN; James M.
Abrahamsen, Executor of the Estate of Gloria Jean
Abrahamsen, deceased, Plaintiffs–Appellees,
v.
TRANS–STATE EXPRESS, INC.; Ronald E.
Reagan, Defendants–Appellants.

No. 95–3352. | Argued June 10, 1996. | Decided
Aug. 12, 1996.

After truck struck parked car, killing car passenger, car's driver (passenger's husband) and passenger's other survivors brought personal injury and wrongful death action against truck driver. After jury returned verdict finding defendant 70% at fault and plaintiff 30% at fault, plaintiff was ordered to pay contribution to defendant for 30% of damages defendant paid to passenger's survivors. Plaintiff appealed. After defendant's lawyer disclosed to plaintiff's lawyer that defendant stated to tow truck driver after accident that it occurred because he "dozed off," plaintiff moved for relief from judgment. The United States District Court for the Southern District of Ohio, S. Arthur Spiegel, J., granted motion and ordered defendant to pay 100% of damages awarded. Defendant appealed. The Court of Appeals, Merritt, Chief Judge, held that plaintiff was entitled to relief from judgment on ground of fraud.

Affirmed.

See also 24 F.3d 804.

West Headnotes (4)

[1]     **Federal Courts**
       ⬥=Altering, amending, modifying, or vacating
       judgment or order; proceedings after judgment

       District court's grant of motion for relief from
       judgment is reviewed under "abuse of
       discretion" standard. Fed.Rules Civ.Proc.Rule
       60(b), 28 U.S.C.A.

4 Cases that cite this headnote

[2]     **Federal Civil Procedure**
       ⬥=Fraud; misconduct

       Defense counsel's violation of discovery orders
       in wrongful death/personal injury case by failing
       to turn over defendant's statement to tow truck
       driver that accident occurred because defendant
       "dozed off," and defendant's testimony that he
       never made any such statement, entitled plaintiff
       to relief from judgment that held him 30%
       responsible for accident, so that 100% of
       damages were to be paid by defendants; even
       though tow truck driver's name was in police
       report, plaintiff's interrogatories requested
       specific information that was withheld, and
       inexcusable conduct of defense counsel
       precluded plaintiffs from fully and fairly
       presenting their case. Fed.Rules Civ.Proc.Rule
       60(b)(3), 28 U.S.C.A.

8 Cases that cite this headnote

[3]     **Federal Civil Procedure**
       ⬥=Fraud; misconduct

       Failure to disclose or produce material requested
       in discovery can constitute "misconduct" within
       purview of rule permitting relief from judgment
       on ground of fraud or misconduct. Fed.Rules
       Civ.Proc.Rule 60(b)(3), 28 U.S.C.A.

17 Cases that cite this headnote

[4]     **Federal Civil Procedure**
       ⬥=Fraud; misconduct

       Motion for relief from judgment on ground of
       fraud, misrepresentation, or other misconduct of
       adverse party may be granted where court is
       reasonably well satisfied that testimony given by

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

material witness is false; that, without it, jury might have reached different conclusions; that party seeking new trial was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial. Fed.Rules Civ.Proc.Rule 60(b)(3), 28 U.S.C.A.

20 Cases that cite this headnote

**Attorneys and Law Firms**

*425 Richard J. Rinear (argued), Droder & Miller, Cincinnati, OH, Thomas A. Mack (briefed), Cincinnati, OH, Kent O. Stewart, Indianapolis, IN, for James M. Abrahamsen.

Philip John Marsick, Jr. (argued and briefed), McCaslin, Imbus & McCaslin, Cincinnati, *426 OH, for Trans–State Express, Inc., Ronald E. Reagan.

Before: MERRITT, Chief Judge, and JONES and SUHRHEINRICH, Circuit Judges.

**Opinion**

MERRITT, Chief Judge.

Defendants appeal from the District Court's order granting Plaintiffs' motion for relief from judgment. In this diversity negligence case, Defendants were found seventy percent liable for an accident in which Defendant Reagan (who was employed as a truck driver by Trans–State Express) hit a car which was parked by the side of the highway, killing Gloria Jean Abrahamsen. Reagan testified that he had swerved to the right, hitting the car, because he was attempting to avoid deer that were entering the roadway. He also testified that he had not made any statements to anyone which would contradict this testimony. Mr. Abrahamsen was found thirty percent liable for the accident in contributory negligence. During post-trial discussions, Defendants' attorney Philip J. Marsick told Plaintiffs' attorneys that he was aware that Reagan made a statement to a tow truck driver on the night of the accident in which he admitted that the accident was caused because he "dozed off." The District Court concluded that the Defendants, and their lawyer, Marsick, violated discovery orders by not turning over the statement. The District Court also expressed concern that they had suborned perjury by allowing Reagan to testify

that he had never made such a statement. The District Court then concluded that the jury would have found Defendants one hundred percent liable had the statement not been withheld. The District Court vacated both the original judgment and the contribution judgment, ordering that one hundred percent of the damages awarded be paid by the Defendants.

In light of the egregious conduct of Defendants' counsel, Philip J. Marsick, we find that the District Court did not abuse its discretion by vacating the judgment and ordering Defendants to pay the full amount of damages awarded. We therefore AFFIRM the judgment of the District Court.

**I.**

On May 13, 1988, James Abrahamsen, his wife, and his daughter were traveling on Route 32 in Semon, Ohio. Mrs. Abrahamsen was asleep in the back seat of the car and Mr. Abrahamsen was driving. At around 1:00 am, Mr. Abrahamsen became tired and decided to pull over to the side of the road to rest. He parked his car at the side of the highway, completely off the road, parked the car under a light, and went to sleep. At approximately 2:00 am, Ronald E. Reagan, a tractor-trailer driver working for the Trans–State Express Company, crashed into the back of the Abrahamsen's parked car, killing Mrs. Abrahamsen.

Mr. Abrahamsen brought this diversity action against the driver and Trans–State Express. He sued for personal injuries to himself, as well as for wrongful death damages on behalf of his daughter and his wife's parents. Although aware that the truck driver had stated that he "dozed off at the wheel," the Defendants denied liability and asserted the affirmative defense of contributory negligence. In addition, they countersued Mr. Abrahamsen for contribution.

During discovery, the Plaintiffs, in their interrogatories, asked the Defendants to:

> Identify each person by name, address and telephone number, known to you who was an eyewitness to the collision or any aftermath thereof, and for each such person, state *whether or not you or anyone acting on your behalf has interviewed such person and whether or not you obtained an oral or written statement* and the

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

date and place that the statement was taken, and whether the statement was recorded or handwritten.

Interrogatory 20 (emphasis added). Plaintiffs also requested that,

> With respect to each person known to you, not listed in Answer to the preceding interrogatory, who was upon the scene of the collision within two hours after its occurrence, or with respect to any other person who claims to have knowledge of any relevant facts concerning the collision of May 13, 1988, state the name and address of the *427 person, whether or not you or anyone acting on your behalf has interviewed the person, the person's location at the time of the collision, *the substance of the knowledge the person has concerning the collision,* whether an oral, recorded or written statement has been taken from the person, and, if so, the identity of the person who took the statement, the identity of each person present when the statement was taken and the date and place that the

statement was taken.

Interrogatory 21 (emphasis added).

At trial, the truck driver testified that he was traveling in the right lane when he suddenly noticed deer in the grass median area moving into the roadway. He steered his truck hard to the right to avoid the deer, and in doing so, struck the Abrahamsen's car. He also testified that he never made any statement to anyone which would contradict this version of events.

The Abrahamsens disputed the driver's story, bringing in substantial circumstantial evidence to refute it. For example, they introduced evidence that the driver did not apply his brakes until he was "practically on top of this car," a fact inconsistent with the driver's story. Joint Appendix ("J.A.") at 220. They also pointed to the fact that deer were not mentioned in the official police report of the accident. They appear only in a second, unsigned report. J.A. at 222.

The jury, unaware of the false testimony given by the truck driver, found the Defendants negligent, but found them only seventy percent responsible for the accident. Mr. Abrahamsen was found contributorily negligent and held thirty percent responsible for the accident. Damages were apportioned as follows:

| | |
|---|---|
| James Abrahamsen, individually: | $ 5,000 |
| James Abrahamsen's wrongful death damages: | $501,000 |
| Elizabeth Abrahamsen's wrongful death damages: | $350,000 |
| Mr. and Mrs. Raymond Cecrle's damages (Mrs. Abrahamsen's parents) | |
| wrongful death: | $ 50,000 |
| burial expenses: | $ 3,880 |

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

<table>
<tr><td>TOTAL</td><td>$909,880.00</td></tr>
</table>

Although the total damages awarded came to $909,880.00, the original judgment required the Defendants to pay only $758,080.00, because Mr. Abrahamsen's damages were reduced by thirty percent ($151,8000) due to the contributory negligence finding. In contrast, the original judgment required that the Defendants pay Mrs. Abrahamsen's daughter and parents one hundred percent of the damages they had been awarded. Therefore, Defendants filed a motion for contribution against Mr. Abrahamsen to recover thirty percent of the damages they had paid Mrs. Abrahamsen's daughter and parents ($121,164). The motion for contribution was granted and Mr. Abrahamsen appealed. During discussions related to the appeal of the contribution judgment, apparently in an attempt to pressure Plaintiffs' counsel to settle the case, Defendants' lawyer told Plaintiffs' counsel, "[you] may have some responsibility on the contribution judgment for failure to fully investigate the facts of the accident." Plaintiffs' brief at 5. Defendants' lawyer then disclosed to Plaintiffs' counsel that Defendant Reagan had made a statement to a tow truck driver who was on the scene the night of the accident. Reagan apparently told the tow truck driver that the accident occurred because he had "dozed off at the wheel." Defendants' insurance company, who had investigated the accident and taken over the conduct of the defense, had taken a statement from the tow truck driver in which he relayed this information, but it had not been turned over to the Plaintiffs during discovery.

As a result of this information, the Plaintiffs immediately filed a motion for relief from judgment under Fed.R.Civ.P. 60(b). The Court granted the motion, based on 60(b)(2) (newly discovered evidence) and 60(b)(3) (fraud).[1] The District Court found that defense counsel, by not turning over the statement, had abused the discovery process. At the hearing, the Judge also expressed his concern that the defense had suborned perjury *428 by allowing Reagan to testify that he had never made a statement which contradicted the story about the deer. The District Court granted Plaintiff's 60(b) motion, vacating the original judgment as well as the judgment for contribution. Defendants then filed a motion to amend the order granting the 60(b) motion, arguing that if the original judgment was now vacated, then the money they paid Mr. Abrahamsen should be returned to them. The Judge granted Defendants' motion to amend, but did not

give them the result they sought. Instead, the Judge held that if the information had been turned over, the jury "would not have apportioned any liability to Mr. Abrahamsen." J.A. at 46. Thus, the District Court ordered the Defendants to pay Mr. Abrahamsen an additional $151,800 (the amount by which his award had been reduced in the original judgment). This appeal followed.

**II.**

Rule 60(b) of the Federal Rules of Civil Procedure provides that,

> On motion and upon such terms as are just, the Court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether hereto before denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; ... or (6) any other reason justifying relief from the operation of the judgment....

[1] The District Court granted Plaintiff's motion based on 60(b)(2) (newly discovered evidence) and 60(b)(3) (fraud). We review that decision under an "abuse of discretion" standard. *Christian Schmidt Brewing Co. v. G. Heileman Brewing Co.*, 753 F.2d 1354, 1356 (6th Cir.), *cert. dismissed,* 469 U.S. 1200, 105 S.Ct. 1155, 84 L.Ed.2d 309 (1985).

[2] [3] [4] The first question to be addressed is whether any of the provisions of Rule 60(b) apply to the facts of this case. We agree with the District Court that Rule 60(b)(3), the fraud provision, is applicable here.[2] Failure to disclose

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

or produce material requested in discovery can constitute "misconduct" within the purview of 60(b)(3). *Anderson v. Cryovac, Inc.,* 862 F.2d 910, 923 (1st Cir.1988). Similarly, a 60(b)(3) motion may be granted where the court is "reasonably well satisfied that the testimony given by a material witness is false; that, without it, a jury might have reached a different conclusion; that the party seeking the new trial was taken by surprise when the false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Davis v. Jellico Community Hosp., Inc.,* 912 F.2d 129, 134 (6th Cir.1990) (quoting *Gordon v. United States,* 178 F.2d 896, 900 (6th Cir.1949), *cert. denied,* 339 U.S. 935, 70 S.Ct. 664, 94 L.Ed. 1353 (1950)).

Defense counsel, Philip J. Marsick, argues that he did not have a duty to disclose the statement made by the tow truck driver because the Plaintiffs had actual knowledge of his identity (his name was in the police report). The rules of discovery, however, do not permit parties to withhold material simply because the opponent could discover it on his or her own. Fed.R.Civ.P. 26. It is clear that the Plaintiffs' interrogatories requested the specific information that was withheld in this case. Defendants make no claim that they were unaware of this statement at the time discovery took place. And even if they did not have it at that time, they were under a continuing obligation to supplement discovery. *Id.* at 26(e). Had counsel complied with the discovery rules, he would not have then committed the even worse sin of knowingly putting on Reagan's false testimony.

Our system of discovery was designed to increase the likelihood that justice will be served in each case, not to promote principles of gamesmanship and deception in which the person who hides the ball most effectively **\*429** wins the case. What happened in this case is a clear example of how bad faith during discovery can lead to further misconduct. Defendants' lawyer compounded his error by doing nothing to correct Reagan's testimony that he had made no prior inconsistent statement. It is clear that counsel's actions constitute, at the very least, misconduct within the scope of Rule 60(b)(3). They show contempt for the rules of discovery and violate the trust placed in counsel to obey the fundamental rules of court. In doing so, counsel prevented the Plaintiffs from fully and fairly presenting their case. We therefore agree with the District Court that the Plaintiffs presented a valid basis for obtaining relief from judgment under Rule 60(b).

III.

The second issue raised by this case is whether the relief granted to Plaintiffs by the court was appropriate. The jury assessed a total of $909,880 in damages in this case. Because the jury found Mr. Abrahamsen was thirty percent responsible for this accident, however, he was initially held responsible for $272,964 of the damages.[3] After the Defendants' misconduct came to light, the District Court shifted Mr. Abrahamsen's thirty percent of the damages to the Defendants. First, in response to Plaintiffs' 60(b) motion, the District Court vacated the original judgment and the judgment for contribution. Then, in response to Defendants' motion to amend the order granting Plaintiffs' 60(b) motion, the District Court ordered the Defendants to pay Mr. Abrahamsen the thirty percent that had been withheld from his award.

Defendants first argue that 60(b)(3) relief may only be granted in "exceptional" circumstances and that there are no such circumstances present here. We disagree. The conduct of Defendants' counsel in this case is inexcusable. Plaintiffs have shown by clear and convincing evidence that they were prevented from fully and fairly presenting their case. *Id.* Furthermore, the cases cited by the Defendants to support this argument are inapposite. *See McLawhorn v. John W. Daniel & Co.,* 924 F.2d 535 (4th Cir.1991) (plaintiff's 60(b)(3) motion denied due to untimely filing, failure to prove fraud by clear and convincing evidence, and failure to make out a prima facie case of discrimination); *In re M/V Peacock,* 809 F.2d 1403, 1405 (9th Cir.1986) (plaintiff's 60(b)(3) motion denied because the defendants' negligent misrepresentations did not prevent plaintiff from fully and fairly presenting her case).

Defendants also argue that the District Court abused its discretion by placing itself in the role of fact finder in violation of Defendants' seventh amendment right to a jury trial. They cite to four cases which, although not involving trial misconduct, generally voice reluctance to see a jury's decision undone. *Midwest Precision Servs., Inc. v. PTM Indus. Corp.,* 887 F.2d 1128, 1140 (1st Cir.1989) ("Indeed, to reform the judgment in the manner requested by Midwest could subvert rather than fulfill the jury's actual intentions."); *Robinson v. Watts Detective Agency,* 685 F.2d 729, 742 (1st Cir.1982), *cert. denied,* 459 U.S. 1105, 103 S.Ct. 728, 74 L.Ed.2d 953 (1983) ("A motion to alter or amend judgment pursuant to Rule 59(e) may not be granted where to do so would undermine the jury's fact-finding role and trample on the defendant's seventh amendment right to a jury trial."); *Abeshouse v. Ultragraphics, Inc.,* 754 F.2d 467 (2d Cir.1985); *Branson v. Prins Ins., Inc.,* 79 F.R.D. 662 (D.S.D.1978). While we agree with the general proposition that jury decisions must be respected, we do not find these cases persuasive

Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

in this instance, because in light of the new evidence, the jury's conclusion that Mr. Abrahamsen was thirty percent liable would be unreasonable and cannot be sustained. As the District Court noted at the hearing, had the Plaintiffs had access to the statement, "all the other circumstantial evidence involved in this case ... would have held together.... I reviewed the testimony, and this really gives a logical, coherent explanation of what happened in this accident...." **430** Transcript of 8/28/94 Hearing at 15–16, Joint Appendix at 220–21.

The District Court found that, "had the jury had the benefit of the information withheld by the Defendants, they would not have apportioned any liability to Mr. Abrahamsen." J.A. at 46. The District Court granted the relief because Reagan's testimony, in light of the new evidence, is incredible and because had the jury known of it, Defendants' attempts to shift blame would have been unreasonable.[4] The District Court has in effect found that based on all of the evidence, including the new evidence, no reasonable jury could have apportioned fault to anyone other than Reagan, the truck driver who gave testimony that defense counsel Marsick knew was inconsistent with Reagan's prior statement that he "dozed off."

Finally, we would point out that after the case is returned to the District Court, the Court may want to consider sanctions based on discovery fraud, pursuant to Rule

37(c), or sanctions under Rule 11 based on the subornation of perjury, or sanctions pursuant to 28 U.S.C. § 1927 (which states that, "any attorney ... who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"), or sanctions under the inherent power of the court to award attorneys' fees to Plaintiffs based on Defendants' bad faith. *Ferguson v. MBank Houston, N.A.,* 808 F.2d 358 (5th Cir.1986).

**IV.**

For the foregoing reasons, the District Court's orders granting Plaintiffs relief from judgment are hereby AFFIRMED.

**Parallel Citations**

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P

Footnotes

1    When the 60(b) motion was filed, the appeal of the contribution judgment was pending. The District Court deferred ruling on the motion until the appeal was decided. Then, after the contribution judgment was affirmed by the Sixth Circuit, the District Court held a hearing and ruled on the 60(b) motion.

2    The District Court also held that the Plaintiff qualified for relief under 60(b)(2) (newly acquired evidence). We need not decide this issue. We pretermit the issue of whether "due diligence" required Plaintiffs' counsel to interview the tow truck driver before trial in light of our conclusion on the fraud issue.

3    In the original judgment, Abrahamsen's personal damages award was reduced by $151,800 (30% of the total). In the court's order for payment of contribution he was ordered to reimburse Defendants $121,164 (30% of the amount they paid to Mrs. Abrahamsen's daughter and parents).

4    It is undisputed that the District Court, under the circumstances, could have ordered a new trial. While the granting of a new trial may be the most common remedy for 60(b) violations (perhaps because those who have prevailed rarely come to the court asking for 60(b) relief), it is not the only available remedy. In this case, Plaintiffs did not request a new trial and having one would serve no purpose, as the only reasonable apportionment of liability is now clear.

End of Document

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

**Abrahamsen v. Trans-State Exp., Inc., 92 F.3d 425 (1996)**

35 Fed.R.Serv.3d 840, 1996 Fed.App. 0262P